# United States Court of Appeals
## for the Fifth Circuit

No. 22-60162
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHASITY REANNE ORELLANA,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 22-60163

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHASITY ORELLANA,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Mississippi
USDC Nos. 3:19-CR-227-1, 3:19-CR-226-1

No. 22-60162
c/w No. 22-60163

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Chasity Reanne Orellana began a three-year term of supervised release on October 10, 2018. On March 27, 2020, her probation officer filed a petition for an arrest warrant alleging that Orellana had violated the conditions of her supervision by, among other things, committing the new crimes of driving without a license, without insurance, and under the influence. At the revocation hearing, Orellana admitted to those violations and others. The district court found that she had committed the violations to which she admitted, revoked her supervised release, and sentenced her within the advisory range to a total of 12 months of imprisonment and 12 months of supervised release.

On appeal, Orellana does not challenge the reasonableness or length of her revocation sentence, but only the revocation decision itself. She argues that the district court erroneously revoked her supervision based on two arrests that occurred after her term of supervised release expired. Orellana made no objection to the district court's alleged reliance on her post-supervision conduct, which means she must now demonstrate plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Orellana must show a forfeited error that is clear or obvious and that affects her substantial rights. *Id.* If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Revocation of supervised release is proper if the district court finds, by a preponderance of the evidence, that the defendant violated any condition of her release. § 3583(e)(3); *see* U.S.S.G. § 7B1.3(a)(2), p.s. All that is required "is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions" of supervised release.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60162
c/w No. 22-60163

*United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995) (quotation and citation omitted). Only one violation need be proved to support revocation. *See* § 3583(e)(3) (providing that release may be revoked if the court finds that "the defendant violated *a* condition of supervised release") (emphasis added).

Here, Orellana admitted to committing a series of violations during her term of supervision. The district court had clear statutory authority to revoke her supervised release based on those admissions alone. *See* § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 119 (5th Cir. 2005). The evidence does not support Orellana's claim that the district court considered her post-supervision arrests in rendering its decision.

AFFIRMED.